UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **LARRY TANG,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **Vs.** | ) | **No. 5:11-cv-05112-RTD** |
| | ) | |
| **NORTHPOLE, LTD., and** | ) | |
| **TOFASCO OF AMERICA, INC.** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

<u>**RESPONSE TO DEFENDANT NORTHPOLE, LTD.'S MOTION TO DISMISS**</u>
<u>**ON GROUNDS OF EQUITABLE ESTOPPEL**</u>

COMES NOW Plaintiff Larry Tang (Mr. Tang) and for his Response to Defendant

Northpole, Ltd.'s (Northpole) Motion to Dismiss on Grounds of Equitable Estoppel states the

following:

1. Northpole's Motion to Dismiss should be treated as a Motion for Summary

Judgment because it introduces facts that go beyond the pleadings.  A motion to dismiss is

converted into a motion for summary judgment when it considers matters outside of the

pleadings.  Gibb v. Scott, 958 F2d 814, 816 (Fed. Cir. 1992).

2. Northpole has presented to the Court a number of matters outside of the

pleadings.  Among these include *inter alia* the following:

  a. Northpole claims it sold the alleged patented item at least one year prior to

   the registration of the patent, causing Mr. Tang's patent to be invalid;

  b. Northpole claims that lost or destroyed evidence has caused it prejudice;

  c. Northpole claims that it may suffer economic prejudice by its reliance on

   Mr. Tang's silence;

      d.  Northpole claims that Mr. Tang threatened Northpole with immediate and

          aggressive enforcement of his patent; and

      e.  Northpole claims that Mr. Tang's silence for approximately nine years

          along with such threats of enforcement mislead it to believe Mr. Tang

          would not enforce his patent.

Because these matters, inter alia, are not matters contained in the pleadings, Northpole's

Motion to Dismiss should be treated as a Motion for Summary Judgment.

      3.    Summary Judgment is only appropriate where there is no genuine issue of

material fact. Fed. R. Civ. P. 56. The evidence must be viewed in favor of the non-moving party

with doubts resolved and reasonable inferences drawn in the non-moving party's favor. *Wanlass*

*v. Fedeers*, 145 F3d. 146 (Fed. Cir. 1998).

      4.    Northpole has failed to show that there are no genuine issues of material fact in

this case. Therefore, its motion should be denied.

      5.    Mr. Tang admits that on November 27, 2001, the U.S. Patent Office granted his

patent No. 6,3223138.

      6.    Mr. Tang admits that on February 19, 2002 and on March 21, 2002, his attorney

Mr. Charles Brodsky sent letters to Northpole alleging that certain of Northpole's products

infringe upon Mr. Tang's patent.

      7.    Mr. Tang denies that any of his letters to Northpole threatened immediate and

aggressive enforcement of his patent rights and denies that his letter "demanded" a response by

any certain date. Mr. Tang's letters requested responses by certain dates but did not demand

responses. Mr. Tang also states that his letters speak for themselves and states that because Mr.

Tang's letters to Northpole do not contain any language even remotely threatening "immediate

and aggressive" enforcement, Northpole has misrepresented the facts to this Court in an effort to

mold qualify them for a defense of equitable estoppel.  A true and correct copy of each letter sent

by Mr. Tang to Northpole is collectively attached herewith and incorporated herein as Exhibit

"A."

       8.     Mr. Tang admits that Northpole did not respond to either of Mr. Tang's letters.

       9.     Mr. Tang admits that other than an encounter with an employee of a defendant at

a trade show, he has remained silent from the time of the delivery of the letters until the time of

filing this lawsuit.

       10.    Mr. Tang denies that at any time he made aggressive threats to Northpole, and

Northpole has failed to support any facts showing that any of Mr. Tang's conduct was aggressive

or threatening.  Mr. Tang also denies that Northpole his conduct led Northpole to reasonably

believe that Mr. Tang had abandoned his claim.  Mr. Tang's conduct did nothing to show he had

abandoned his claim.  Instead, his letters show that he would consider enforcement of his claims

if the infringement continued and a settlement did not occur.  Silence alone is not sufficient to

show that a patentee has abandoned his claim.  Moreover, by Northpole's own admission in

Paragraph 9 of the Declaration of Mr. Steven Fleaischli filed on June 10, 2011, it considered the

patent to be invalid; and in Mr. Eric Sung's email referenced by Mr. Fleasichli it is clear that

Northpole relied on an opinion that they would be protected by an on-sale bar, not on a reliance

on Mr. Tang's silence.   A true and correct copy of Mr. Fleaischli's declaration and a true and

correct copy of Mr. Sung's email is attached herewith and incorporated herein as Exhibits "B"

and "C" respectively.

       11.    Mr. Tang states the expansion of its business with infringing products is not

economic prejudice.  Northpole's investments in expanding its production of collapsible chairs

could have been accomplished without infringing on Mr. Tang's patent and without many changes in the manufacturing processes or equipment.  Other connectors that do not infringe on Mr. Tang's patent are commonly used to assemble substantially similar chairs.

  12. Because Mr. Tang can only claim for infringement on the last six years of sales, the relevant evidence in this case should fall within evidence that would have been available within the last six years.  Mr. Tang denies that Northpole is prejudiced by a lack of evidence.

  13. Mr. Tang is filing a correspondence Brief in Support of this response.

  WHEREFORE, Plaintiff Mr. Tang requests this Court deny Defendant Northpole's Motion to Dismiss and grant him all other relief to which he may be entitled.

Respectfully Submitted,

LARRY TANG, Plaintiff

By: /s/ Darrell W. Gibby
  Darrell W. Gibby, #2007307
  903 S.E. 22nd Street, Ste. 3
  Bentonville, AR  72712
  479-271-8898
  479-271-8882 (fax)
  gibbylaw@att.net

## CERTIFICATE OF SERVICE

The certify that on November 12, 2011 I electronically filed the foregoing with the Clerk of he Court using CM/ECF Filing System, which will send notification of such filing to the following:

Kevin A. Crass
Crass@fridayfirm.com

Marshall Ney
mney@mwlaw.com, jgarrett@mslaw.com, ccomer@mwlaw.com

Stephen L. Sulzer
ssulzer@mannatt.com; AStaltari@manatt.com; csadler@manatt.com

Todd Taylor
ttaylor@manatt.com; AStaltari@mannatt.com

/s/ Darrell W. Gibby_____