```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION


LARRY TANG,                                           PLAINTIFF


v.                        Case No. 11-5112


NORTHPOLE, LTD. and
TOFASCO OF AMERICA, INC.,                            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Northpole, Ltd.'s Motion for Attorney Fees and Costs. (Doc. 28). For the reasons explained herein, Defendant's Motion is **DENIED.**

**I. Background**

In February, 2002, Plaintiff advised Defendants Northpole and Tofasco that a lawsuit could ensue based on what he believed to be infringement of his patent of a collapsible patio chair. (Doc. 1, Ex. B). Nine years later, in April of 2011, Plaintiff filed a complaint in this Court alleging patent infringement and seeking an injunction to compel the defendants to discontinue the manufacturing, marketing and/or selling of any product in violation of Plaintiff's patent. Plaintiff also seeks damages and an award of attorney's fees and costs. (Doc. 1).

On June 10, 2011, Northpole filed a Motion to Dismiss on Grounds of Equitable Estoppel (Doc. 13), contending that

1

Plaintiff engaged in misleading conduct that lulled it into believing Plaintiff had abandoned his claim of infringement, and that it detrimentally relied on Plaintiff's misconduct. On June 22, 2011, Plaintiff requested the Court give additional time to respond to Northpole's motion, stating that he required additional time to conduct discovery for his response. (Doc. 16). The Court granted Plaintiff until September 16, 2011, to respond to Northpole's motion. (Text Only Order entered July 14, 2011). When Plaintiff had not filed a response by September 26, 2011, the Court granted Northpole's Motion to Dismiss, dismissing Northpole without prejudice from this matter. (Doc. 27).

Following its dismissal, Northpole filed a Motion for Attorney Fees and Costs, arguing that this case is "exceptional" and that in the spirit of equity and fairness it should be remunerated for the costs it incurred in defending against Plaintiff's "baseless allegations of infringement." (Doc. 28). On the same date, Plaintiff moved to join previously dismissed Northpole as a defendant to the lawsuit, claiming that the allegations he would make were the same as those originally asserted against Northpole and that the facts and allegations against Northpole arose out of a series of transactions significantly similar to those against remaining defendant Tofasco. (Doc. 30). On November 9, 2011, the Court granted

Plaintiff's motion to re-join Northpole "to reconsider Northpole's original Motion to Dismiss on the merits." (Doc. 36).

## II. Discussion

Title 25 U.S.C. § 285 provides that the Court may, in exceptional cases, award reasonable attorney fees to the prevailing party in a patent infringement action. In its memorandum in support of its Motion for Attorney Fees and Costs (Doc. 29), Northpole describes the reasons this is an "exceptional case" warranting the departure from the traditional "American Rule" that parties bear their own costs in litigation. Northpole does not address the other prerequisite for an award of fees under the cost-shifting statute--the party must be a "prevailing party."

The Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) sets out the principles that control interpretation of statutes using the term "prevailing party." In *Buckhannon*, the Supreme Court addressed whether the term "prevailing party", a legal term of art employed in numerous federal statutes, includes "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but that nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 600. The

3

petitioners in *Buckhannon* contended that they were entitled to attorney's fees under the so called "catalyst theory," which states that a party is a "prevailing party," even absent any relief on the merits, if it achieves the desired result because the lawsuit precipitated a voluntary change in the other party's conduct. The Supreme Court rejected the catalyst theory, requiring instead a judicially sanctioned change in the parties' legal relationship. *Id.* at 605. Therefore, to qualify as a prevailing party after *Buckhannon*, a litigant has to obtain a judgment on the merits, a court-ordered consent decree, or some other court-ordered action that effects a change in the legal relationship between the parties.

Although *Buckhannon* dealt with the Fair Housing Amendments Act and the Americans with Disabilities Act, the Eighth Circuit has agreed with other circuits in finding that *Buckhannon* applies broadly to the fee-shifting statutes that employ the "prevailing party" language. *Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002)(Where a class obtained a court-ordered consent decree, it was clearly a "judicially sanctioned change" in the parties' relationship that conferred prevailing party status on the class of prisoners which brought long-running prison civil rights litigation.)

In *Sierra Club v. City of Little Rock*, the plaintiff was awarded summary judgment. 351 F.3d 840 (8th Cir. 2003). Because

4

the court refused to grant any of the relief plaintiff sought, the declaratory judgment did not constitute any "relief to enforce." The Eighth Circuit found that plaintiff did not receive an "enforceable judgment" and was therefore not a prevailing party.

In *Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833 (8th Cir. 2008), a sign company brought a § 1983 action alleging that the city's sign code was unconstitutional. The district court granted a preliminary injunction halting enforcement of the code and entered the jury's verdict awarding no damages to the company, but the court denied the company's motion for attorney's fees. On appeal, the Eighth Circuit found that the injunction in this case had not materially affected the parties' legal relationship because the constitutionally suspect provisions of the sign ordinance had never been applied to the plaintiff. *Id.* at 838. The Court in *Advantage* looked to the Supreme Court's recent decision in *Sole v. Wyner* to support the result. The Court in *Sole* stated that "[p]revailing party status...does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." 551 U.S. 74, 83 (2007). A plaintiff who "secures a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against

5

her has won a battle but lost the war." *Advantage Media* at 838 (internal citations omitted).

While it was successful in its attempt to gain dismissal following what Plaintiff described as his attorney's "scheduling error", Northpole's dismissal was without prejudice and the Court specifically ordered that Northpole be rejoined as a party in order for a determination to be made on its Motion to Dismiss on Grounds of Equitable Estoppel. (Doc. 36).  The Court has not made any decision as yet *on the merits* of the parties' claims and neither party has received an enforceable judgment to qualify it for prevailing party status.  Unless and until the Court rules on the Motion to Dismiss and creates a judicially sanctioned, material alteration of the legal relationship of the parties, there can be no prevailing party.

### III. Conclusion

Accordingly, Northpole's Motion for Attorney Fees and Costs (Doc. 28) is **DENIED.**

It is so ordered this 6th Day of April, 2012.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge