IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY TANG                                                    PLAINTIFF

vs.                                  NO.      11-5112-RTD

NORTHPOLE LTD. and                                          DEFENDANTS
TOFASCO OF AMERICA, INC.

_____

                                              COUNTERCLAIM PLAINTIFF
TOFASCO OF AMERICA, INC.

vs.

LARRY TANG                                  COUNTERCLAIM DEFENDANT


**DEFENDANT TOFASCO OF AMERICA, INC.'S MOTION TO STAY
PROCEEDINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**


855336.1

## DEFENDANT TOFASCO OF AMERICA, INC.'S
## <u>MOTION TO STAY PROCEEDINGS</u>

Defendant Tofasco of America, Inc. hereby moves this Court to stay all

proceedings in this litigation pending the conclusion of the *ex parte* reexamination of

U.S. Patent No. 6,322,138 (the "'138 patent") because a stay will likely simplify or

eliminate the issues before the Court, reduce the burden of litigation on the parties, and

conserve judicial resources. The grounds for this motion are fully set forth in the

following Memorandum of Law and the Declaration Of Reid E. Dammann In Support Of

Defendant Tofasco of America, Inc.'s Motion to Stay Proceedings filed

contemporaneously herewith.

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    STATEMENT OF RELEVANT FACTS ........................................................... 2

       A.    Procedural History ................................................................................. 2

III.   APPLICABLE LEGAL STANDARD ............................................................... 3

IV.    ARGUMENT ....................................................................................................... 5

       A.    Plaintiff Will Not Be Prejudiced Or Placed At
             A Tactical Disadvantage ....................................................................... 5

       B.    A Stay Will Simplify Issues and Streamline the
             Trial ...................................................................................................... 7

       C.    A Stay Reduces the Burden to All Those Involved ................................ 10

             a.    Discovery Is In Its Nascent Stages ................................................ 11

             b.    A Stay Is Appropriate Given the Distant
                   Trial Date ...................................................................................... 12

V.     CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1st Tech., LLC v. Digital Gaming Solutions S. A.,*
No. 4:08CV586 HEA, 2010 U.S. Dist. LEXIS 20181,
2010 WL 883657 (E.D.Mo. March 5, 2010) .......................................................... 4

*ArrivalStar S.S. v. Canadian Nat'l Ry. Co.,*
2008 U.S. Dist. LEXIS 60588 (N.D. Ill. July 25, 2008) ...................................... 10

*ASCII Corp. v. STD Entertainment USA, Inc.,*
844 F.Supp. 1378 (N.D.Cal. 1994) .......................................................................... 5

*Astec Am., Inc. v. Power-One, Inc.,*
2008 U.S. Dist. LEXIS 55100 (E.D. Tex. July 15, 2008) ...................................... 10

*Card Technology Corp v. DataCard Corp.,*
Civ. No. 05–2546, 2007 WL 551615 (D.Minn. Feb. 21, 2007) ................................ 5, 9, 10, 12

*Gould v. Control Laser Corp.,*
705 F.2d 1340 (Fed. Cir. 1983) .............................................................................. 9

*Inteplast Grp., Ltd. v. Coroplast, Inc.,*
No. 4:08CV1413 CAS, 2009 U.S. Dist. LEXIS 53035, 2009 WL 1774313 (E.D.Mo.
June 23, 2009) (Shaw, J.) ........................................................................................ 4

*Lifeline Technologies, Inc. v. Archer Daniels Midland Company,*
Civ No. 4:08-CV-279 CAS (E.D.Missouri, April 14, 2009) ................................... 12

*MercExchange, L.L.C. v. eBay Inc.,*
500 F. Supp.2d at 563 .............................................................................................. 8

*Middleton, Inc. v. Minnesota Mining and Mfg. Co.,*
2004 WL 1968669 (S.D. Iowa Aug. 24, 2004) ........................................................ 4

*Monstanto Company and Monsonto Technology LLC v. Joe Kyle,
Joe-Co; J & B AG, Inc.; and J & C AG, Inc.,*
Civ. No. 2: 04CV00208 (E.D.Ark 2007) .................................................................. 13

*Phil-Insul Corp. v. Airlite Plastics, Inc.*
F.Supp.2d WL 5193814 (D.Neb. 2012) ................................................................. 7, 9

*Sun-Flex Co., Inc. v. Softview Computer Products Corp.*
F.Supp. WL 117976 (N.D.Ill, 1989) ........................................................................ 6

*Tama Plastic Industry, Inc. v. Pritchett Twine and Net Wrap, LLC,*
  F.Supp. 2d WL 274013 (D.Neb, January 2013) .................................................................4, 7

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc., No. C-94- 20775,*
  *1995 WL 20470* (N.D. Cal. Jan. 13, 1995) .................................................................5

*VData, LLC v. Aetna, Inc.,*
  Civil No. 06–1701, 2006 WL 3392889 (D.Minn. Nov. 21, 2006) .......................................3, 7

*Watlow Elec. Mfg. Co., v. Ogden Mfg Co.,*
  No. 4:05CV2094 CDP, 2006 U.S. Dist. LEXIS 46431, 2006 WL 1892546
  (E.D.Mo. July 10, 2006) .................................................................4

*Xerox Corp. v. 3Com Corp.,*
  69 F.Supp.2d 404 (W.D.N.Y.1999) .................................................................12

**Statutes**

35 U.S.C. § 305 .................................................................2

**Other Authorities**

*Manual of Patent Examining Procedure* ¶ 2263 .................................................................2

**DEFENDANT TOFASCO OF AMERICA, INC.'S MEMORANDUM OF LAW IN
SUPPORT ITS MOTION TO STAY PROCEEDINGS**

## I.    INTRODUCTION

On June 28, 2013, the United States Patent and Trademark Office ("PTO")

granted Tofasco of America, Inc.'s request for ex parte reexamination (the "Request") of

Claims 1 – 7 of U.S. Patent No. 6,322,138 (the "'138 Patent") – the claims being asserted

in this litigation. Declaration Of Reid E. Dammann In Support Of Defendant Tofasco of

America, Inc.'s Motion to Stay Proceedings. Declaration of Reid E. Dammann

("Dammann Decl.") ¶2 - 3; Exhibit A.

In granting the Request, the PTO indicated that each of the prior art references

identified by Tofasco of America, Inc. raised substantial new questions of patentability.

Moreover, in compounding the acceptance, the PTO found two *additional* references to

that raise in the Request, which raised substantial new questions of patentability.

Dammann Decl. ¶4; Exhibits A and B.

In light of the PTO's findings of substantial new questions of patentability with

respect to Claims 1 - 7 of the '138 patent, Tofasco of America, Inc. seeks a stay of all

proceedings in this litigation pending the conclusion of the reexamination proceedings.

The facts described more fully below warrant such a stay in this litigation.

As set forth below, a stay provides meaningful benefits to litigation. The court

will have the benefit of expert review by the PTO of all prior art presented, discovery

problems relating to prior art can be alleviated, the suit will probably be dismissed if the

patent is invalidated, reexamination may encourage a settlement, the complexity, length

and cost of the litigation will probably be reduced and defenses in evidence will be more

easily limited. Each of those benefits is present here.

This case is at an early stage. Minimal pretrial discovery has been taken by Tofasco. No depositions relating to the ultimate issues in the case have been noticed. There is nothing to indicate that this stay is sought for the sake of delay. In fact, Plaintiff Larry Tang delayed in filing this suit for almost nine years after he first threatened suit against Tofasco of America, Inc. A stay here would serve the purposes of the reexamination statute, 35 U.S.C. § 305, and will facilitate the reexamination process itself. *See Manual of Patent Examining Procedure* ¶ 2263.

## II.   STATEMENT OF RELEVANT FACTS

### A.   Procedural History

Plaintiff Larry Tang ("Tang" or "Plaintiff") filed the instant lawsuit on April 28, 2011 accusing Defendants Tofasco of America, Inc. ("Tofasco" or "Defendant") and Northpole Ltd. ("Northpole") of infringing the '138 patent.

On June 10, 2011, Northpole Ltd. filed a Motion to Dismiss on the grounds of equitable estoppel. Tang was granted an extension of time to file a response to this motion. On September 26, 2011, the Court, with Plaintiff having not filed a response to Northpole's Motion to Dismiss, granted such motion September 26, 2011 (Dkt. No. 13) and dismissed Northpole without prejudice. Subsequently, Northpole filed a Motion for Attorneys Fees and Costs on October 10, 2011 (Dkt. No. 28).

On that same date, Plaintiff filed a motion to join previously dismissed Northpole. On November 9, 2011, Plaintiff's motion was granted for the purpose of reconsidering Northpole's original Motion to Dismiss on the merits (Dkt. No. 36). On April 11, 2012, Northpole's Motion to Dismiss on the grounds of equitable estoppel was denied. (Dkt. No. 42)

On April 24, 2012, Tofasco filed a Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,322,138. (Dkt. No. 46). After a series of motions for an extension of time, of which the Court granted, Plaintiff filed a response to said Motion for Summary Judgment on September 7, 2012.

On October 1, 2012, Tofasco filed its reply brief and on October 11, 2012, Plaintiff filed a Motion to Strike said reply brief, with the Court ultimately denying as moot, Tang's Motion to Strike and Tofasco's Motion for Summary Judgment on November 28, 2012.

On November 2, 2012, the parties filed their Joint Claim Construction Chart with respective Claim Construction Briefs on December 14, 2012, with responsive briefing being filed on January 15, 2013. Judge Dawson conducted a *Markman* hearing on February 13, 2013 and issued a Memorandum Opinion and Order on March 21, 2013. (Dkt. No. 91).

On April 10, 2013, the parties submitted a Joint Motion to Continue Trial and to Amend Scheduling Order. On April 11, 2013, the Court granted that motion. (Dkt. No. 93).

## III.   APPLICABLE LEGAL STANDARD

A district court possesses the power to stay proceedings incidental to the power inherent in every court to control its docket." *VData, LLC v. Aetna, Inc.*, Civil No. 06–1701, 2006 WL 3392889, *4 (D.Minn. Nov. 21, 2006). "Therefore, the decision to grant or deny a stay pending the outcome of a PTO proceeding rests with the sound discretion of the Court." *Id.* However, "[c]ourts have adopted a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *Id.*

In determining whether a stay is appropriate pending the reexamination of a patent, courts consider: 1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; 2) whether a stay will simplify the issues in question and streamline the trial; and 3) whether a stay will reduce the burden of litigation on the parties and the court. *Tama Plastic Industry, Inc. v. Pritchett Twine and Net Wrap, LLC*, F.Supp. 2d WL 274013 (D.Neb, January 2013); See also *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004).

At the outset, Courts recognizes that, "sponsors of the patent reexamination legislation favored stays by the district courts pending reexamination as a means of settling disputes quickly, lowering costs, and providing the courts with the PTO's expertise." *Watlow Elec. Mfg. Co., v. Ogden Mfg Co.*, No. 4:05CV2094 CDP, 2006 U.S. Dist. LEXIS 46431, at *3, 2006 WL 1892546 (E.D.Mo. July 10, 2006) (Perry, J.). Accordingly, "there is a liberal policy of granting stays when patents are submitted to the PTO for reexamination." *1st Tech., LLC v. Digital Gaming Solutions S. A.*, No. 4:08CV586 HEA, 2010 U.S. Dist. LEXIS 20181, at *4, 2010 WL 883657 (E.D.Mo. March 5, 2010) (Autrey, J.). "This is particularly true where a lawsuit is in the initial stages of litigation, and where there has been little or no discovery in the case." *Id.*

Indeed, "[c]ourts routinely grant stays of litigation pending the PTO's reexamination decision." *Inteplast Grp., Ltd. v. Coroplast, Inc.*, No. 4:08CV1413 CAS, 2009 U.S. Dist. LEXIS 53035, at *9, 2009 WL 1774313 (E.D.Mo. June 23, 2009) (Shaw, J.). Further, the reexamination will simplify the issues in question, regardless of the outcome of the reexamination. Allowing the United States Patent and Trademark Office ("PTO") to complete its reexamination helps simplify infringement actions "by

facilitating the limiting of issues, defenses and evidence, and possibly eliminating the case entirely by settlement or otherwise." *Id.* See also *Card Technology Corp v. DataCard Corp.*, Civ. No. 05–2546, 2007 WL 551615, *3 (D.Minn. Feb. 21, 2007) ("[C]ommon sense counsels that it is usually prudent for a court to await the PTO's reassessment of the patents at issue before resuming litigation over the validity, enforceability or infringement of those patents.").

Where the parties are in the early stages of pre-trial matters, a trial date is set and the parties have taken little to no discovery a stay is appropriate because no undue prejudice is presented. *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D.Cal. 1994) cited by *Card Technology Corp. v. DataCard Corp.* Civ. No. 05-2546, 2007 WL 551615, *3 (D.Minn. Feb 21, 2007) (where fact discovery is set to close of September 7, 2007 and the trial is currently scheduled for April 2008).

## IV.   ARGUMENT

### A.   Plaintiff Will Not Be Prejudiced Or Placed At A Tactical Disadvantage

Plaintiff has the burden of establishing that any alleged prejudice resulting from a stay would outweigh its benefits. *Target Therapeutics, Inc. v. SciMed Life Sys., Inc., No. C-94- 20775, 1995 WL 20470, at *2* (N.D. Cal. Jan. 13, 1995) (holding that the non-movant "failed to demonstrate that it will suffer undue prejudice if this action is stayed"). Here, Plaintiff cannot assert that delaying this litigation until the ultimate resolution of the reexamination will prejudice it. Plaintiff itself delayed this litigation by choosing to file this action *nine years* after notice of the alleged infringement by Defendant. *See* Plaintiff's Response to Interrogatory No. 5. Dammann Decl. at ¶5; Exhibit C).

In fact, a six-year delay was a significant factor in granting a defendant's motion

to stay. *Sun-Flex Co., Inc. v. Softview Computer Products Corp*. F.Supp. WL 117976
(N.D.Ill, 1989) ("Indeed Plaintiffs themselves delayed in filing this suit for almost six
years after they first threatened suit against defendants"). Thus, any assertion of prejudice
to Plaintiff as to the unavailability of witnesses, fading memories and loss of evidence
during the PTO proceedings would be disingenuous and unavailing.

Defendant further submits that staying this litigation will not prejudice Plaintiff or
put it at a tactical disadvantage. It is important to note that this is not a situation where
Plaintiff and Defendant are competitors in the market. Plaintiff makes no product, which
why Plaintiff is demanding a reasonably royalty and not lost profits. *See* Interrogatory
No. 10. Dammann Decl. At ¶5; Exhibit C. As such, Plaintiff certainly cannot suffer any
decline in market share or other financial harm amounting to undue prejudice if a stay is
entered. It has adequate remedies at law for any purported injury it alleges it incurred.
Any prejudice or disadvantage alleged by Plaintiff at this stage would be merely
speculative.

Any concern about undue delay in the event of a stay is unfounded and that any
delay would be offset by the likelihood that there will indeed be more efficient use of
judicial resources and a reduction of time and expense to the parties. There is no dispute
that the reexamination process is well under way. Furthermore, because the
reexamination is being undertaken while litigation is pending, the reexamination will be
expedited. In that regard, the Patent Office's Manual of Patent Examining Procedure
states:

> Where ... litigation is stayed for the purpose of reexamination, the request
> will be taken up by the examiner for decision 6 weeks after the request is
> filed, and *all aspects of the proceeding will be expedited to the extent
> possible.* Cases will be taken up for action at the earliest time possible, and

Office actions in these reexamination proceedings will normally set a 1–month shortened statutory period for response rather than the 2 months usually set in reexamination proceedings. Response periods may be extended only upon a strong showing of sufficient cause (see MPEP § 2665). *Action on such a proceeding will generally take precedence to any other action* taken by the examiner in the Office. *3* Manual of Patent Examining Procedure ("MPEP") § 2686.04(I) (emphasis added).□

The statute requires reexamination proceedings to be completed with "special dispatch." Even if issues remain to be litigated after the reexaminations are completed, the cost and scope of the remaining litigation are likely to be substantially reduced.

Further, it should be noted that Plaintiff decided not to seek a preliminary injunction against Defendants in this action. This fact suggests that staying this litigation would not unduly prejudice Plaintiff. *Phil-Insul Corp. v. Airlite Plastics, Inc.* F.Supp.2d WL 5193814 (D.Neb. 2012); See also *Tama Plastic Industry, Inc. v. Pritchett Twine and Net Wrap, LLC*, F.Supp. 2d WL 274013 (D.Neb, January 2013). Ultimately, Plaintiff would suffer no irreparable harm from denial of an injunction because it lacks market presence.

B.    A Stay Will Simplify Issues and Streamline the Trial

There is no question that a stay will simplify the issues in question and facilitate the trial of the case as it pertains to Tofasco's counterclaims for patent infringement because the reexamination will identify whether the patent-in-suit is valid or not. Reexaminations often result at least significant amendments to the claims, if not their outright cancellation. In fact, in 79% of reexaminations, the claims are outright canceled or amended. Dammann Decl. ¶6; Exhibit D. Obviously, this will avoid a waste of judicial resources, not to mention the time and expense to the parties.

A stay of this litigation will unquestionably reduce and focus the issues in this

case. "One purpose of the reexamination procedure is to eliminate trial of the patent validity issue . . . or to facilitate trial of that issue by providing the district court with the *expert view* of the Patent and Trademark Office when a claim survives the reexamination proceeding." *MercExchange, L.L.C. v. eBay Inc.*, 500 F. Supp.2d at 563 *quoting Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (emphasis added and internal punctuation omitted).

In this case, the PTO has found substantial questions of patentability related to Claims 1 – 7 of the '138 Patent. Specifically, the PTO has stated that it found the Defendant's request *persuasive* in finding substantial new questions of patentability as to claims 1-5 and 7 based upon Cantwell taken alone; as to claims 1-5 and 7 based upon Tsai taken alone; as to claims 1-5 and 7 based upon Cantwell taken together with Tsai; as to claim 6 based upon Cantwell taken together with Han or Boucher; as to claim 6 based upon Tsai taken together with Han or Boucher; and as to claim 6 based upon Cantwell taken together with Tsai and further taken together with Han or Boucher. Dammann Decl. ¶3; Exhibit A, Pg. 2.

More compelling is the fact that the PTO further stated that <u>in addition</u> to the substantial new questions raised by the request for *ex parte* reexamination, the following substantial new questions have been raised by the examiner in the instant order granting *ex parte* reexamination:

> A. An SNQ as to claims 1-5 and 7 based upon Cantwell taken together with Zheng '311 or Zheng '748. B. An SNQ as to claims 1-5 and 7 based upon Tsai taken together with Zheng '311 or Zheng '748; C. An SNQ as to claim 6 based upon Cantwell taken together with Zheng '311 or Zheng '748 and further taken together with Han or Boucher; and D. An SNQ as to claim 6 based upon Tsai taken together with Zheng '311 or Zheng '748 and further taken together with Han or Boucher.

*See* Dammann Decl. ¶3; Exhibit A, Pg. 3.

As pointed out by other courts, allowing the PTO to complete its reexamination helps simplify infringement actions "by facilitating the limiting of issues, defenses and evidence, and possibly eliminating the case entirely by settlement or otherwise." *Card Technology Corp v. DataCard Corp.,* Civ. No. 05–2546, 2007 WL 551615, *3 (D.Minn. Feb. 21, 2007) ("[C]ommon sense counsels that it is usually prudent for a court to await the PTO's reassessment of the patents at issue before resuming litigation over the validity, enforceability or infringement of those patents.").

While Plaintiff will certainly argue that it is far from certain that the reexamination will result in modification or cancellation of the Patent, a stay nevertheless minimizes the possibility that the Court and the parties needlessly expend resources. And, even if the reexamined Patent emerges completely intact, the Court will have the benefit of the PTO's analysis when this action resumes. *See Card Technology,* 2007 WL 551615 at *6 ("[E]ven if the reexamined patent emerges unscathed and completely intact, the Court has the benefit of the PTO's expert guidance on the prior art it addressed."), Cited by *Phil-Insul Corp. v. Airlite Plastics, Inc.* □Not Reported in F.Supp.2d, 2012 WL 5193814□(D.Neb.,2012).

A stay pending reexamination serves further improves judicial efficiency, as it can eliminate the necessity of a trial altogether when claims are canceled. *See Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to . . . facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)").

It should also be noted that if the Court denies Tofasco's Motion to Stay and if any of surviving claims are amended, the parties and the Court may be forced to re-litigate issues in light of the PTO's decision. Accordingly, there is "a very real possibility that, if this litigation proceeds in tandem with the PTO reexamination proceedings, the parties will have wasted their resources litigating issues that ultimately may be mooted by the PTO's findings." *ArrivalStar S.S. v. Canadian Nat'l Ry. Co.*, 2008 U.S. Dist. LEXIS 60588, at *10-11 (N.D. Ill. July 25, 2008).

Thus, a stay would be the most economical action under <u>any possible outcome</u>. And, "[c]ontrolling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole." *Astec Am., Inc. v. Power-One, Inc.*, 2008 U.S. Dist. LEXIS 55100, at *15 (E.D. Tex. July 15, 2008).

C.     <u>A Stay Reduces the Burden to All Those Involved</u>

Regardless of the outcome, a stay minimizes the possibility that the Court and the parties needlessly expend resources. And, even if the reexamined Patent emerges completely intact, the Court will have the benefit of the PTO's analysis when this action resumes. See *Card Technology*, 2007 WL 551615 at *6 ("[E]ven if the reexamined patent emerges unscathed and completely intact, the Court has the benefit of the PTO's expert guidance on the prior art it addressed.").

Moreover, the Court's burden in the present case will be greatly reduced by the PTO's determination of the validity of the '138 Patent. Validity is, of course, a fundamental issue and defense in almost every patent action, including this one. The PTO has extensive experience in determining patentability (and thereby invalidity) and is an efficient forum for determining the patentability/validity of patent claims in the first

instance. In addition, a stay will provide the Court with a complete prosecution history on which to base its future rulings regarding the patent and to consider any amendments in claim construction that Plaintiff may make to the claims.

      a.  <u>Discovery Is In Its Nascent Stages</u>

Discovery on the ultimate issues in the case is just beginning. As presented herein and illustrated by the docket of the Court, the parties have been spent much of this litigation responding to dispositive motions and in some cases taking discovery regarding the same.

Tofasco propounded its First Set of Interrogatories and Production on January 25, 2013. However, as stated in the parties' Joint Motion to Continue Trial and to Amend Scheduling Order, recently filed on April 10, 2013, the discovery propounded was "minimal." Dammann Decl. ¶7; Exhibit E. Further, Plaintiff states "aside from matters relating to Tofasco of America, Inc.'s prior Motion for Summary Judgment, Larry Tang has not engaged an any fact discovery." Dammann Decl. ¶7; Exhibit E, Pg. 1. In fact, counsel for both Defendant and Plaintiff had a recent email communication about extending out the fact discovery deadline. Dammann Decl. ¶8.

Further, at this point in the process neither party has taken a deposition related to the ultimate issues in the case. In fact, the deposition process is a very expensive and resource-intensive phase of discovery, and it still has yet to come. The availability of witnesses is typically difficult to coordinate, as they are located all over the country. This creates the necessity to pay for hotel rooms and travel, as well as fees for court reporting services, transcripts and videos of the deposition. Lastly, neither party has retained expert witnesses. The costs of experts can be extraordinary in patent litigation, namely, because

generally, different experts are needed for infringement, validity and damages analysis.

Furthermore, given the strength of Tofasco's prior art references -- as evidenced by the PTO's initial rejection of all asserted claims of the '138 patent -- and available non-infringement defenses, Tofasco intends to move for summary judgment, an expensive and time-consuming process for all involved. All of this may be avoided based on the findings of the PTO on reexamination.

   b. <u>A Stay Is Appropriate Given the Distant Trial Date</u>

On April 11, 2013, the Court granted the parties Joint Motion to Continue Trial and to Amend Scheduling Order. The Order set a trial date for the week of April 28, 2014. Dammann Decl. ¶9; Exhibit F. However, even where a trial date is set, where the parties are in the early stages of pre-trial matters and have taken little to no discovery, as is the case here, a stay is appropriate because no undue prejudice is presented. *Lifeline Technologies, Inc. v. Archer Daniels Midland Company*, Civ No. 4:08-CV-279 CAS (E.D.Missouri, April 14, 2009) (The court granting a stay in light of conducting a claim construction hearing on February 5, 2009 and a trial date of November 9, 2009).

In fact, it should be noted that the usual reason for denying a stay is that the case has progressed through the bulk of pre-trial proceedings and is scheduled for trial shortly. *Card Technology Corp. v. DataCard Corp.* Civ. No. 05-2546, 2007 WL 551615, *3 (D.Minn. Feb 21, 2007) citing *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 407 (W.D.N.Y.1999).

In *Xerox*, a stay was denied because the parties' pre-trial conference was in two months, the parties had already exchanged substantial discovery, and expert reports would be exchanged within days. Here, as stated herein, minimal discovery has been

propound by one side, trial is almost a year away and expert reports are to provided by September 1, 2013.Dammann Decl. ¶9; Exhibit F. See also *Monstanto Company and Monsonto Technology LLC v. Joe Kyle, Joe-Co; J & B AG, Inc.; and J & C AG, Inc.*, Civ. No. 2: 04CV00208 (E.D.Ark 2007)(the court found a stay was not warranted because "[t]his case has been ongoing since November, 2004. The parties have engaged in extensive discovery; the discovery deadline has passed......and the case is set for trial in approximately 40 days.").

## V.   CONCLUSION

For these reasons, Tofasco respectfully requests the Court stay this case pending conclusion of the reexamination of the '138 Patent by the PTO. Tofasco also respectfully requests the Court direct Plaintiff Larry Tang to file reexamination status reports with the Court at least every thirty (30) days.

Dated:      July 12, 2013                    Respectfully submitted,

/s/ Reid E. Dammann
Reid E. Damman California Bar No. 249031
**MUSICK, PEELER & GARRETT, LLP**
One Wilshire Blvd., Suite 2000
Los Angeles, CA  90017
Phone:  213.629.7611
Facsimile:  213.627.1376
r.dammann@mpglaw.com

Marshall S. Ney Ark. Bar No. 91108
MITHCELL, WILLIAMS, SELIG, GATES
& WOODYARD, P.L.L.C.
5414 Pinnacle Point Drive, Suite 500
Rogers, AR  72758
Phone:  479.464.5650
Facsmile:  479.464.5680
mney@mwlaw.com

*Attorneys for Defendant/Counterclaim
Plaintiff Tofasco of America, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, hereby certify that on July 12, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF Filing System, which will send notification of such filing to the following:

Darrell W. Gibby
GIBBY LAW FIRM, PLLC
803 S.E. Plaza Avenue, Suite 7
Bentonville, AR  72712
gibbylaw@att.net

/s/Jennifer Turgeon
Jennifer Turgeon