IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY TANG                                                                PLAINTIFF

vs.                                  NO.   11-5112-RTD

NORTHPOLE LTD. and                                                DEFENDANTS
TOFASCO OF AMERICA, INC.

---

TOFASCO OF AMERICA, INC.                         COUNTERCLAIM PLAINTIFF

vs.

LARRY TANG                                              COUNTERCLAIM DEFENDANT

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and trial in the above-entitled action may involve the production or disclosure of trade secrets or other confidential commercial, financial, or technical information;

WHEREAS, there is good cause for protecting the parties' trade secrets and confidential information from unnecessary disclosure because, *inter alia,* disclosing such information to a competitor would put the disclosing party at a competitive disadvantage; and

WHEREAS, counsel for the parties herein have consented to entry of this Protective Order;

**IT IS HEREBY ORDERED:**

1.      APPLICABILITY. The terms of this Protective Order shall control the handling of confidential information, documents, and things in this action. This Protective Order shall not control the use of confidential information during any trial in this action; however, before trial, counsel shall attempt in good faith to reach agreement on the handling of confidential information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

### I. DEFINITIONS

2.      CONFIDENTIAL INFORMATION is information that the producing party in good faith believes is used by it in, or pertaining to, its business, which information is not generally known to or available

1

to the general public and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. Examples of CONFIDENTIAL INFORMATION may include, but are not limited to, customer information, marketing information, manufacturing information, and/or non-public product information.

3. ATTORNEYS' EYES ONLY INFORMATION is CONFIDENTIAL INFORMATION to which employees of the producing party have only limited access and that is deemed by the producing party to require special protection, Examples of ATTORNEYS' EYES ONLY INFORMATION may include, but are not limited to, non-public financial information, strategic plans, long-range plans, internal costs data, contracts and agreements with third parties, research and development documents and things, pending unpublished patent applications that have not previously been disclosed, trade secrets, information concerning future products, proprietary engineering information not available to the public, proprietary information concerning customers, suppliers, manufacturing and/or manufacturing processes not available to the public, and any other technical or business information or things that a party or third party in good faith regards as critical, competitively sensitive information.

4. PROTECTED INFORMATION means information that is either CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

5. DOCUMENTS mean all documents, electronically stored information, and things within the scope of Fed. R. Civ. P. 34, including, but not limited to, pleadings, briefs, correspondence, memoranda, bulletins, microfiche, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, books of account, spreadsheets, work sheets, notes of conversation, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, computer discs or tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes, reports, and instructions. DOCUMENTS include items in written, recorded, electronic, graphic/pictorial, audiovisual, or other form, and include items in draft or final form.

6. TRIAL COUNSEL means the outside attorneys of the parties, staff, and supporting personnel regularly employed or specially contracted by the attorneys, such as, for example, paralegals, legal secretaries, legal clerks, stenographic reporters, translators, litigation support vendors, and graphics or jury consultants.

7.  INDEPENDENT EXPERT means a testifying expert, consulting expert, investigator, or advisor who is (i) independent of and not employed by the parties or a competitor of any party in the field to which the subject matter of this action pertains, and (ii) retained for purposes of this action.

## II. DESIGNATION AND IDENTIFICATION OF INFORMATION

8.  CONFIDENTIAL INFORMATION. Any document or thing containing or including any CONFIDENTIAL INFORMATION shall be designated as such by the producing party or a third party by stamping or labeling it with, or otherwise affixing thereto, the following legend: "CONFIDENTIAL."

9.  ATTORNEYS' EYES ONLY INFORMATION. Any document or thing containing or including any ATTORNEYS' EYES ONLY INFORMATION shall be designated as such by the producing party or a third party by stamping or labeling it with, or otherwise affixing thereto, the following legend; "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

10. Designation of other disclosures. All PROTECTED INFORMATION not reduced to documentary or tangible form or that cannot conveniently be designated in the manner set forth above shall be designated by the producing party by informing the receiving party in writing at the time of its production to the receiving party.

11. Preliminary designation of documents and things being inspected. In the event the producing party or a third party elects to produce PROTECTED INFORMATION for inspection, the producing party or third party, in advance of the initial inspection, need make no marking on the documents or things that will be inspected. For purposes of this initial inspection, all documents and things produced for inspection shall be treated as if they were marked CONFIDENTIAL; ATTORNEYS' EYES ONLY pursuant to this Protective Order. Thereafter, on selection of specified documents or things for copying by or production to the inspecting party, the producing party or third party shall mark the things and copies of such documents as may contain PROTECTED INFORMATION with the appropriate confidentiality marking at the time the copies or things are produced to the inspecting party.

12. Inadvertent production of mis-designated or undesignated PROTECTED INFORMATION. In the event that any producing party discovers, after it has produced PROTECTED INFORMATION, that it has inadvertently produced PROTECTED INFORMATION that has not been correctly designated as Confidential Information or Attorneys' Eyes Only Information, the producing party may correct that error by

3

notifying the receiving party in writing of the correct designation, specifically identifying the PROTECTED INFORMATION, and the correct designation to be applied to the document or thing. Failure by the producing party or third party to send written notice to the receiving party within ten (10) business days after the producing party or third party discovers such an inadvertent production shall result in waiver of the producing party's or third party's right to correct the designation of the inadvertently produced PROTECTED INFORMATION. Upon receipt of a written notice adding or correcting a produced document's or thing's designation, the parties agree to treat that information in accordance with this Protective Order, and TRIAL COUNSEL shall retrieve all copies of such information from any person who would not have been allowed access to the information had it been properly designated when first produced. The receiving party shall incur no liability if, prior to receipt of written notice correcting a designation, the receiving party has complied with the terms of this Order that are applicable to the erroneous designation first applied to the PROTECTED INFORMATION by the producing party or third party.

    13.    Inadvertent production - privilege and/or work product immunity. In the event that any producing party or third party inadvertently produces or discloses any information, document, testimony, or thing protected by any privilege or work-product immunity, such producing party or third party shall promptly notify the receiving party that such disclosure was inadvertent. On the request of the producing party or third party for the return of privileged or work product information or things, such information or things and all copies thereof shall be returned to the producing party or third party, and no waiver of any privilege or work product immunity shall be deemed to have occurred from the inadvertent disclosure, but only if such request for return is made within ten (10) business days of discovery of the inadvertent disclosure. No use may be made of such information subsequent to a timely request for its return. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court subsequently order the production of any such inadvertently produced information or things, and the return of any such inadvertently produced information or things pursuant to the terms of this Order shall not be deemed an admission that such information or thing is properly subject to the attorney-client privilege or attorney work product immunity. Nothing in this Protective Order shall prevent any party from petitioning the Court for an order requiring the return of any inadvertently produced information or thing that is subject to attorney-client privilege or attorney work product immunity if

the inadvertent production or privileged or work product character of the information is not discovered until more than ten (10) business days after the information was inadvertently produced.

  14. Designation of deposition testimony. Whenever a deposition is taken by any party to this lawsuit:

    a) Any party shall have the right to exclude from attendance at the deposition, during such time as PROTECTED INFORMATION is to he disclosed, every individual other than the deponent, the court reporter, and those individuals authorized under this Protective Order to receive the PROTECTED INFORMATION,

    b) All or some of the testimony at any deposition may be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION at the beginning of or during the deposition, and for at least ten (10) calendar days after the final transcript has been sent by the court reporter to the attorney for the producing party whose information has been disclosed (or until such other date as may be agreed upon by the parties). Receipt of rough transcripts shall not trigger this 10-day period. Deposition testimony may be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION at the deposition by identifying the type of designation on the record, or before expiration of the 10-day (or other agreed) period by written notice to all counsel indicating the specific testimony being designated (by page and line or other specific reference) and the type of designation being applied. All copies of a transcript containing deposition testimony so designated shall be marked accordingly. Unless so designated, any confidentiality is waived after the expiration of the 10-day (or other agreed) period, unless otherwise stipulated by the parties or ordered by the Court. Unless otherwise designated at the deposition, all testimony at the deposition shall be treated as ATTORNEYS' EYES ONLY INFORMATION until ten (10) calendar days after the final transcript has been sent by the court reporter to the attorney for the producing party whose information has been disclosed (or until such other date as may be agreed upon by the parties) so as to enable the producing party to properly designate the testimony.

### III. ACCESS TO INFORMATION

  15. Restrictions on use and disclosure - ATTORNEYS' EYES ONLY INFORMATION. All information designated as ATTORNEYS' EYES ONLY INFORMATION shall be treated as confidential by the receiving party, shall not be used by the receiving party for any purpose other than in connection with this

litigation unless and until such designation is removed by agreement of TRIAL COUNSEL or by Order of the Court, and shall not be disclosed by any receiving party to anyone other than; the Court; TRIAL COUNSEL; independent document copiers; court reporters and videographers; litigation support vendors (including document coding firms, electronic discovery firms, jury and graphics consultants, and the like) retained by TRIAL COUNSEL; INDEPENDENT EXPERTS; and certain other individuals as provided for below in paragraph 17.

16. Restrictions on use and disclosure - CONFIDENTIAL INFORMATION. All information designated as CONFIDENTIAL INFORMATION shall be treated as confidential by the receiving party, shall not be used by the receiving party for any purpose other than in connection with this litigation unless and until such designation is removed by agreement of TRIAL COUNSEL or by Order of the Court, and shall not be disclosed by any receiving party to anyone other than: the Court; TRIAL COUNSEL; independent document copiers; court reporters and videographers; litigation support vendors (including document coding firms, electronic discovery firms, jury and graphics consultants, and the like) retained by TRIAL COUNSEL; INDEPENDENT EXPERTS; certain other individuals as provided for below in paragraph 17; and no more than three (3) officers, directors, or employees of the receiving party, provided that each officer, director, or employee, prior to receiving CONFIDENTIAL INFORMATION, executes the Declaration attached hereto as Exhibit A.

17. Disclosure in certain circumstances. With respect to documents designated as including PROTECTED INFORMATION, any officer, director, employee, attorney, or agent of the producing party, and any person indicated on the face of the document to be an originator or author or recipient thereof may be shown the document. With respect to former officers, directors, employees, attorneys, or agents, any document designated as including PROTECTED INFORMATION may be shown to any former officer, director, employee, attorney, or agent of the party that produced the document so designated, if the PROTECTED INFORMATION contained in the document so designated was in existence during the period of the former officer's, director's, employee's, attorney's or, agent's relationship with the producing party and, in the case of a former employee, if the document indicates on its face that the former employee was the originator or author or a recipient of the document.

18. Disclosure to INDEPENDENT EXPERTS.

a) If a party wishes to disclose PROTECTED INFORMATION to an INDEPENDENT EXPERT, before being shown such material, the INDEPENDENT EXPERT shall agree in writing, in the form attached hereto as Exhibit A to this Protective Order, to be bound by the provisions of this Protective Order, and the party seeking to disclose the PROTECTED INFORMATION shall serve on opposing counsel a copy of Exhibit A as signed by the INDEPENDENT EXPERT and a copy of the INDEPENDENT EXPERT'S curriculum vitae that includes a description of all relationships between the INDEPENDENT EXPERT and any party.

b) A party receiving the signed Exhibit A and curriculum vitae may, within a period of five (5) business days after service of both of those documents, serve a Notice of Objection to the designation of the INDEPENDENT EXPERT setting forth each objection and the bases for such objections. The parties agree that they will only interpose good faith objections. If an objection is timely made, the party opposing disclosure of PROTECTED INFORMATION to the INDEPENDENT EXPERT *(i.e.,* "the objecting party") shall, within ten (10) business days of the date of the objection, move the Court for a Protective Order. The objecting party must show good cause why the proposed disclosure should not be permitted. Failure to move for a Protective Order within that time frame shall be deemed a withdrawal of the objection. All notifications and objections made pursuant to this provision shall be in writing and served by e-mail or same-day hand delivery.

c) No PROTECTED INFORMATION shall be disclosed to an INDEPENDENT EXPERT until expiration of the five (5) business-day period after service of the signed Exhibit A and curriculum vitae on opposing counsel. If an objection is timely made, no disclosure of PROTECTED INFORMATION shall be made until the parties resolve the matter, the objection is withdrawn, or the Court denies the objecting party's motion for a Protective Order.

### IV. OTHER PROVISIONS

19. Custody of PROTECTED INFORMATION. PROTECTED INFORMATION, and all reproductions thereof, shall be maintained in secure facilities, and accessed only by those persons authorized pursuant to the terms of this Protective Order.

20. Filing or lodging under seal. Any document produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court, or thing that is lodged

with the Court, for any purpose and which incorporate information that is designated PROTECTED INFORMATION shall be filed or lodged under seal in accordance with the local rules and practice of the Western District of Arkansas and the judge presiding in this case.

21. Filing or lodging under seal - Clerk's duty. The Clerk of the Court shall accept all documents filed or things lodged with the Court pursuant to paragraph 20 of this Protective Order. The contents therein shall be kept under seal and treated by the Court in accordance with the provisions of this Protective Order.

22. Attorneys' advice. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this litigation, and in the course thereof, relying on an examination of PROTECTED INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any PROTECTED INFORMATION nor the source of any PROTECTED INFORMATION to anyone not authorized to receive such documents, things, materials, or information pursuant to the terms of this Protective Order.

23. Permitted use and disclosure. Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any publicly available information and things, or documents or things obtained from another source, if such information or thing is lawfully obtained from that source, such as a third party having the right to disclose such information or thing, even though the same information, documents, or things may have been produced in discovery in this lawsuit and designated as PROTECTED INFORMATION.

24. Consented to or mandated disclosure. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as PROTECTED INFORMATION consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

25. No waiver. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this litigation. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of PROTECTED INFORMATION in response to

discovery or to object to a requested inspection of documents or things and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

26. Relief and continuing jurisdiction. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and in the event the aggrieved party applies for such relief, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

27. Challenges to confidentiality designations. In the event that any party disagrees at any stage of these proceedings with the designation of any information as PROTECTED INFORMATION, the parties shall try first to resolve such dispute in good faith on an informal basis. Any receiving party may at any time request that the producing party modify or remove the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION designation with respect to any document, thing, or information. Such a request shall be written, shall be served on counsel for the producing party by e-mail or same-day hand delivery, and shall particularly identify the designated PROTECTED INFORMATION that the receiving party contends is not properly designated and the reasons supporting its contentions. If the parties cannot agree on the proper designation and a motion is filed, the initial designation shall remain in force until the Court rules on such motion and thereafter shall be governed by the Court's ruling. The producing party shall have the burden of proving the propriety of such designation.

28. Third parties. In the event that a party seeks discovery &om a non-party to this litigation, the non-party may invoke the terms of this order in writing to all parties to this litigation with respect to any PROTECTED INFORMATION to be provided to the requesting party by the non-party.

29. Disposition of documents. Within sixty (60) calendar days after entry of final judgment and conclusion of any and all appeals, any information which has been designated as including PROTECTED INFORMATION (including all copies) shall either be destroyed or returned to TRIAL COUNSEL for the producing party. No party shall be obliged to return PROTECTED INFORMATION (including all copies) that

were admitted into evidence at trial. TRIAL COUNSEL for each receiving party are entitled to retain and archive (under seal) PROTECTED INFORMATION that is contained in or referenced in pleadings, motion papers, declarations, affidavits, discovery responses, correspondence, memoranda, work, product, or deposition and hearing transcripts (including exhibits thereto). If PROTECTED INFORMATION is destroyed pursuant to this paragraph, the receiving party shall certify in writing to the producing person that such destruction has taken place.

    30.    Continuing duty. Neither the termination of this lawsuit nor the termination of employment or consultancy of any person who has had access to any PROTECTED INFORMATION shall relieve such person from the obligation of maintaining the confidentiality of such information in accordance with the terms of this Order.

    31.    Additional protection. Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order agreement or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any documents or information or relief from this Protective Order with respect to documents or information designated as containing PROTECTED INFORMATION.

    32.    Modification. Any party may, on notice, apply to the Court at any time for modification of this Protective Order.

    33.    Other Proceedings. A person or party in receipt of information designated as PROTECTED INFORMATION hereunder who is required or requested to disclose the information pursuant to any law, regulation, order, subpoena, or rule of any governmental authority, shall promptly give advance written notice, to the extent possible, of any such possible disclosure sufficient to afford the affected parties or persons the opportunity to seek legal protection from the disclosure.

    34.    If PROTECTED INFORMATION is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party or third party, without prejudice to other rights and remedies of the producing party or third party, and shall make every effort to prevent further disclosure by it and by the person who was the recipient of such PROTECTED INFORMATION.

35.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court. Notwithstanding whether this Protective Order ever becomes an order of the Court, or is modified by the Court prior to being entered as an order of the Court, the Parties agree to be bound by the terms of the Protective Order until such time as it is superseded by order of the Court.

36.     The parties, by signature of their respective attorneys, agree to the terms and consent to the entry of this Protective Order.

Dated: October 12, 2015

/s/ Marshall S. Ney
D. Whitlow Bivens #190727CA (pro hac vice)
Musick, Peeler & Garrett, LLP
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 525-2553
Fax: (619) 231-1234
w.bivens@mpglaw.com

Marshall S. Ney, Ark. Bar No. 91108
Friday, Eldredge & Clark, LLP
600 South 52nd Street, Suite 200
Rogers, AR 72758
Phone:(479) 695-6049
Facsimile: (501) 244-5389
mney@fridayfirm.com

Attorneys for Defendant/Counterclaim Plaintiff Tofasco of America, Inc.

Dated: October 8, 2015

/s/ Darrell W. Gibby
Darrell W. Gibby, ABN 2007307
GIBBY LAW FIRM, PLLC
903 S.E. 22nd Street, Ste. 3
Bentonville, AR 72712
479-271-8898
479-271-8882 (fax)
gibbylaw@att.net

Attorney for Plaintiff/Counterclaim Defendant Larry Tang

APPROVED AND SO ORDERED.

Dated: October 15, 2015

Hon. Robert T. Dawson United States District Judge

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 15 2015

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

11