IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LARRY TANG**                                                                                    **PLAINTIFF**

**VS.**                                         **5:11-cv-05112-TLB**

**NORTHPOLE, LTD. and**
**TOFASCO OF AMERICA, INC.**                                                     **DEFENDANTS**

---

**NORTHPOLE, LTD. and**
**TOFASCO OF AMERICA, INC.**                          **COUNTER-CLAIM PLAINTIFFS**

**V.**

**LARRY TANG**                                                  **COUNTER-CLAIM DEFENDANT**

**TOFASCO OF AMERICA, INC.'S RESPONSE
IN OPPOSITION TO LARRY TANG'S AMENDED MOTION TO JOIN**

Separate Defendant/Counterclaim Plaintiff, Tofasco of America, Inc. ("Tofasco"), by its attorneys, submits the following Response in Opposition to Plaintiff/Counterclaim Defendant Larry Tang's Amended Motion to Join.

### I.     INTRODUCTION

Plaintiff/Counterclaim Defendant, Larry Tang ("Tang"), filed his Complaint on April 28, 2011 alleging that Defendants manufactured, bought, and sold collapsible outdoor chairs in violation of Tang's patent.  This case has been pending for nearly five years, is currently before its third judge, and is on its sixth trial setting.  Although the most recent case management order established January 29, 2016 as the deadline to amend pleadings or add parties, Tang filed his Amended Motion to Join on February 8, 2016.  *See* Amended Case Management Order, Doc. No. 143; Amended Motion to Join, Doc. No. 147.  The Amended Motion to Join should be denied because it is untimely.

1

Additionally, the Amended Motion to Join should be denied because, like its original, it is based entirely upon conspiracy theories rather than a proper legal analysis. Joinder at this late stage would prejudice Tofasco and cause yet another substantial delay of a final resolution for this aging case. Finally, the Amended Motion to Join should be dismissed because the proposed Amended Complaint will not survive a motion to dismiss from at least two if not all three of the defendants Tang seeks to join.

## II.  LAW & ARGUMENT

### A.  Legal Standard

Federal Circuit law applies to substantive issues, including joinder, in patent cases. *See P.S. Prods. v. Alibaba.com, Inc.*, 2011 U.S. Dist. LEXIS 25948 (E.D. Ark. March 10, 2011). Under Rule 20,[1] defendants may be joined in a single action only if: (1) the claims against the defendants relate or arise out of "the same transaction, occurrence, or series of transactions or occurrences;" and (2) "a question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Federal Circuit law provides that the requirements of Rule 20 are "necessary, but not sufficient, conditions for joinder," because "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants," joinder may properly be refused anyway "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re Nintendo Co.*, 544 Fed. Appx. 934, 939 (Fed. Cir. 2013) (unpublished) (citing *EMC*, 677 F.3d at 1360). A district court

---

[1]  Joinder in patent cases would normally be governed by the Leahy-Smith America Invents Act, 35 U.S.C. § 299, cited by Plaintiff. (*See* Amended Motion to Join, Doc. No. 148, at p. 8.) But the Act was enacted on September 16, 2011, and the Federal Circuit has determined that it does not have retroactive application, *see In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012), so the Act does not govern joinder here. *Infinity Computer Prods. v. Brother Int'l Corp.*, 909 F.Supp.2d 415, 418, n.3 (E.D. Pa. 2012) (citing *EMC*, 677 F.3d at 1356).

must therefore "examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Id.* A district court likewise "may deny permissive joinder if to do so would further trial convenience, avoid delay, avert undue complication of judicial proceedings, or otherwise comport with considerations of sound judicial management." *A-1 Cigarette Vending v. United States*, 40 Fed. Cl. 643, 645 (1998). "Put succinctly, permissive joinder rests with the sound discretion of this Court." *Id.*

### B. Joinder at this Late Stage Would Prejudice Tofasco Substantially and Further Delay the Conclusion of this Case.

The issues in this case are – and as related to Tofasco, they have always been – (1) whether Tang's '138 patent is valid; (2) if Tang's patent is valid, whether the Elite Captain's Chair infringes that patent; and (3) if the Elite Captain's Chair infringes Tang's valid patent, whether Tofasco has sold an infringing chair recently enough that Tang can recover damages for such a sale. It is the third issue that gives rise to Tang's conspiracy theories, and these are the pertinent facts:

- Tofasco, in connection with a separate company that later became MacSports, Inc., sold folding camp chairs in the United States beginning in the mid-1990s. (*See* Inventory File Screen, filed under seal as Exhibit "A"; *see also* Corporate Documents of MCS Corp., filed under seal as Exhibit "B".)

- The Elite Captain's Chair was first sold in the United States to Target during fall 1997. (*See* Target Item Set Up Form, Mike Aycock's 1998 Day Planner, filed under seal as Exhibits "C," and "D", respectively.)

- Tang applied for the patent at issue here ("the '138 Patent") on April 28, 2000.

- On February 19, 2002 and again on March 21, 2002, Tang's attorney sent Tofasco a letter alleging that Tofasco's chairs infringed Tang's patent and threatening suit unless Tofasco licensed the patent from Tang.

- Tofasco did not respond to either letter and never sought to license Tang's patent. Tang never contacted Tofasco again until it filed suit nine years later in 2011.

- Tofasco was restructured in 2004, and from that time forward, Tofasco has sold no chairs and instead provided shipping and support services to MacSports' predecessor.[2]  (*See* Decl. of Albert Shieh, filed under seal as Exhibit "F".)

- On October 19, 2005, the predecessor company became MacSports, Inc.  (*See* Exhibit B.)  That company continued to sell chairs through 2009.

- During 2009, MacSports was restructured and sold.  (*See* Asset Purchase Agreement, filed under seal as Exhibit "G".)  The original MacSports was renamed again in March 2009 and ultimately was dissolved in 2010 after the sale was completed.  (*See* Exhibit B.)  In connection with the sale, the purchaser's acquisition company became MacSports, Inc. on April 30, 2009 after the original MacSports's name had changed.[3]  (*See* MacSports, Inc.'s business entity detail, attached hereto as Exhibit "H"; *see also* Corporate Documents of MacSports, Inc., attached hereto as Exhibit "I".)

- Tang filed his Complaint in 2011.

Although Tang ostensibly might be able to clear Rule 20's threshold,[4] Tang fails to establish that joinder at this late stage would avoid prejudice and delay, ensure judicial economy, or safeguard principles of fundamental fairness.  To the contrary, joinder at this point in this case would directly prejudice Tofasco because Tofasco has been preparing this case for trial on only the issues before the Court currently.  Tang's proposed Amended Complaint would add not only three new defendants to this case but also would add an entirely new claim seeking to pierce

---

[2] There is nothing unusual about one company's provision of staffing and support for another company's operations, and there is nothing untoward in this case about the relationship between Tofasco and MacSports.  Tofasco was not very artful in the Aycock Declaration filed with the Court in 2012 (Doc. No. 50), stating Tofasco sold and continues to sell chairs.  A more precise statement is that Tofasco provides shipping and services to retailers on behalf of other companies.  (*See* Management Agreement, filed under seal as Exhibit "E".)

[3] This series of transactions and the purchaser's continued use of the name MacSports are clearly the source of Tang's confusion, but there is nothing sinister about arranging for a purchaser's continued use of the seller's established name.  In fact, it is quite commonplace.  The separate nature of the new and original businesses using the name MacSports is evidenced by Tofasco's efforts in 2009 to remove MacSports from its financial covenants.  (*See* 2009 Credit Renewal, filed under seal as Exhibit "J".)

[4] Tang alleges that Tofasco and MacSports each have infringed Tang's patent by virtue of the same transactions or series of transactions where MacSports is the actual seller of goods that Tofasco merely services.  (*See* Exhibit E.)

4

MacSports' corporate veil. The new claim seeks to hold Tofasco, Mr. Zheng, who is the President and sole shareholder of Tofasco, and his wife Ms. Peng, who formerly owned but has since sold all of her interest in MacSports (*see* Exhibit G),[5] liable for any infringement of Tang's patent by MacSports.

If Tang has valid claims against MacSports, Zheng, or Peng, he certainly may file suit and pursue those claims. However, this case is not the proper vehicle for that pursuit. Joinder here would not promote judicial economy and would substantially delay the resolution of this 2011 case. Furthermore, joinder would unduly complicate the issues for the jury, and this patent case is plenty complicated and technical already. Accordingly, this Court should deny Tang's Amended Motion to Join.

> **C.     The Amended Motion to Join should be Denied because Amendment is Futile.**

"A court can deny leave to amend as futile where the amended pleading would not survive a motion to dismiss." *Sentell v. RPM Mgmt. Co.*, 653 F.Supp.2d 917, 919 (E.D. Ark. 2009). Thus, where a "proposed change advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994). Here, Tang's proposed amendment would not survive a motion to dismiss, and therefore, the Amended Motion to Join should be denied.

Tang filed his Complaint in 2011, and claims that a 2010 purchase from Target of a chair bearing a Tofasco label was the catalyst for filing suit. Yet, Tang confirmed in 2002 that he had reviewed Tofasco's folding armrest chair designs and believed they infringed his patent. Tang

---

[5]     Ms. Peng stated in error at her deposition that she did not know anyone with an ownership interest in Highmark, which is the business that purchased MacSports. Highmark was owned by Ms. Lin Bi Yu, who is a Chinese citizen and a relative of Peng's and Zheng's. *See* Letter to Darrell Gibby Concerning Peng's Testimony, attached hereto as Exhibit "K".

fails to explain what led him to believe in the interim that the chairs were no longer being sold. Tang further fails to provide any basis for his accusations that the Tofasco-MacSports relationship, which preexisted Tang's patent (*see* Zheng Deposition, excerpted and attached hereto as Exhibit "L", and Peng Deposition, excerpted and attached hereto as Exhibit "M"; *see also* Exhibit A), and the sale of MacSports, which concluded over a year prior to Tang's filing suit (*see* Exhibits B, E, G), are evidence of an intentional fraudulent transfer to prevent Tang from recovering damages from Tofasco (*see* Motion to Join, Doc. No. 130, at ¶ 10).

The evidence in this case will establish that Tofasco, Zheng, and Peng, upon the advice of professional consultants (*see* Exhibit M), restructured their respective businesses without regard to Tang's infringement claims made several years prior. But even taking Tang's allegations as true, these conspiracy theories are insufficient to establish a claim for piercing the corporate veil of either MacSports or of Tofasco. Likewise, these allegations do not state a claim for civil conspiracy. Moreover, this Court lacks personal jurisdiction over Zheng and Peng, who reside in California (*see* Exhibits L, M), and may lack jurisdiction over MacSports as well (*see* Exhibit H, I). The proposed Amended Complaint would not survive a motion to dismiss as it relates to all parties but Tofasco. The Amended Motion to Join should therefore be denied for this reason as well.

### III. CONCLUSION

For the foregoing reasons, Tofasco respectfully requests that this Court deny Tang's Amended Motion to Join and grant Tofasco any further relief to which it may be entitled.

Respectfully submitted,

/s/ *Marshall S. Ney*
Marshall S. Ney, Ark. Bar No. 91108
Angela C. Artherton, Ark. Bar No. 2012156
Friday, Eldredge & Clark, LLP
3350 South Pinnacle Hills Parkway, Suite 301
Rogers, AR 72758
Phone:(479) 695-6049
Facsimile: (501) 244-5389
mney@fridayfirm.com
aartherton@fridayfirm.com

*and*

D. Whitlow Bivens 190727CA (*pro hac vice*)
Musick, Peeler & Garrett, LLP
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 525-2553
Fax: (619) 231-1234
w.bivens@mpglaw.com

*Attorneys for Defendant/Counterclaim Plaintiff Tofasco of America, Inc.*

## CERTIFICATE OF SERVICE

I, Marshall S. Ney, do hereby certify that the foregoing is being filed with the Court electronically in accordance with the Administrative Procedures for Electronically Filed Cases adopted by the Court, that the below listed persons are registered as Filing Users with the Court, and pursuant to said Administrative Procedures, a notice of electronic filing will be generated by the ECF system which will constitute electronic service on all parties, in lieu of service and/or notice by first class mail, and a copy of the foregoing was filed on March 7, 2016 via the CM/ECF electronic system, which served a copy on the following:

Darrell W. Gibby
gibbylaw@att.net

/s/ *Marshall S. Ney*
Marshall S. Ney